UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALL TRENDZ HEALTHCARE, LLC,

    Plaintiff,

  v.                                            Civil Action 2:26-cv-35
                                                  Judge Algenon L. Marbley
                                                  Magistrate Judge Chelsey M. Vascura

WENDY M. BRUNO,
  *d/b/a* HealthCell, LLC,

    Defendant.

## ORDER

Plaintiff, All Trendz Healthcare, LLC, filed its Complaint on January 12, 2026, relying on diversity of citizenship to satisfy federal subject-matter jurisdiction under 28 U.S.C. § 1332(a) (Complaint, ECF No. 1). The undersigned notes a defect in Plaintiff's allegations of jurisdiction. *See Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516–17 (6th Cir. 2003) (defects in subject-matter jurisdiction may be raised *sua sponte* and at any time). A federal court has original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Section 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010) (citations omitted).

Here, Plaintiff's Complaint contains insufficient information to establish the parties' diversity of citizenship. Plaintiff alleges only that "Plaintiff is a medical care service provider with its principal office located in Pickerington, Ohio" and "Defendant is a natural person currently residing in Huntersville, North Carolina." (Complaint, ¶¶ 7–8, ECF No. 1.) However, Plaintiff is a limited liability company ("LLC") and the place of an LLC's organization and principal place of business are irrelevant to establishing citizenship under § 1332. Instead, Plaintiff must identify the citizenship of each of its members. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Moreover, Defendant's "current" residence is insufficient to establish the citizenship of a natural person. Instead, Plaintiff must allege facts to establish Plaintiff's domicile within a particular state. *See Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 996 (S.D. Ohio 2008). Without this information, the Court cannot determine whether Defendant is a citizen of a different state than Plaintiff.

Further, pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff was required to file a disclosure statement that names and identifies the citizenship of every individual or entity whose citizenship is attributed to it with its first appearance in this action. Fed. R. Civ. P. 7.1(a)(2), (b). Plaintiff has not done so.

Plaintiff is therefore **ORDERED** to file a disclosure statement within **SEVEN DAYS** identifying the citizenship of every individual or entity whose citizenship is attributed to it at the time the case was commenced. *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). The disclosure statement must provide sufficient factual allegations for the Court to determine each party's citizenship according to the following standards:

**Limited liability companies** have the citizenship of each of their members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). In practice, this means that an

LLC's members must be identified to determine whether they are natural persons, corporations, LLCs, or partnerships, so that the appropriate test can be applied to determine the members' citizenship. "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* The citizenship of unincorporated associations, such as LLCs, "must be traced through however many layers of partners or members there may be." *Kam Dev., LLC v. Marco's Franchising, LLC*, Case No. 3:20-cv-2024, 2023 WL 4460669, at *2 (N.D Ohio June 1, 2023) (quoting *Meyerson v. Harrah's E. Chicago Casino,* 299 F.3d 616, 617 (7th Cir.2002)).

**Natural persons** have the citizenship of the state in which they are domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Although this will often coincide with the state in which a natural person resides, "domicile is not synonymous with a person's residence." *Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 996 (S.D. Ohio 2008) (citing *Kaiser*, 391 F.2d at 1009). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Domicile is determined based on "a variety of factors indicating the extent of a particular party's ties to the purported domicile." *Persinger*, 539 F. Supp. at 997. Those factors include:

> [c]urrent residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions; fraternal organizations, churches, clubs and other associations; place of employment or business; driver licenses and other automobile registration; [and] payment of taxes.

*Id.* (quoting 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed. 1984)).

**Corporations** have the citizenship of any state in which they are incorporated and in which they have a principal place of business. *Hertz Corp.*, 559 U.S. at 80. A corporation's "principal place of business" refers to

> the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 92–93.

**Partnerships and limited partnerships** have the citizenship of each of their partners (both general and limited). *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–97 (1990)). Thus, similar to LLCs, all partners of a partnership must be identified and their citizenship determined with the appropriate test.

**Sole proprietorships** have the citizenship of their sole proprietor (*i.e.*, a natural person doing business under a business name). *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006); *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); *3LI Consultant Grp. v. Cath. Health Partners*, No. 1:15-CV-455, 2016 WL 246202, at *2 (S.D. Ohio Jan. 21, 2016). Thus, sole proprietorships have the citizenship of the state of domicile of their operator.

Plaintiff is advised that failure to demonstrate complete diversity of citizenship of the parties will result in dismissal of this action without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE